# **AFFIDAVIT**

I, Douglas Prenger, Enforcement Officer with Customs and Border Protection, Department of Homeland Security, being duly sworn and deposed, state the following:

## **INTRODUCTION AND AGENT BACKGROUND**

1. This Affidavit is submitted in support of an application under Rule 4 of the Federal Rules of Criminal Procedure for a warrant pursuant to a criminal complaint to arrest the person known as ABDULRAHMAN ZALAH (hereinafter "ZALAH"), further described below.

2. Your Affiant is an Enforcement Officer with Customs and Border Protection, Department of Homeland Security, and assigned to the Federal Bureau of Investigation, and as such, is an investigative or law enforcement officer of the United States within the meaning of Rule 41(a)(2)(C) of the Federal Rules of Criminal Procedure. Your Affiant is engaged in the enforcement of criminal laws and is within the category of officers authorized by the Attorney General to request and execute search warrants pursuant to Title 18 U.S.C. § 3052 and 3107; and DOJ regulations set forth at Title 28 C.F.R. § 0.85 and 60.2(a).

3. Your Affiant has been an Enforcement Officer with Customs and Border Protection since June 2003 and is assigned to the Cleveland Office.

4. Currently, I am assigned as a Task Force Officer to the Joint Terrorism Task Force led by the Federal Bureau of Investigation. I have knowledge of the laws and regulations relating to the illegal exportation of weapons, technology, and other controlled commodities, as well as the federal criminal statutes that regulate and, in certain instances, prohibit the export of U.S. controlled commodities, including weapons, weapons systems, services, military equipment and technology. I am empowered by law to investigate and make arrests for violations of federal law, including the unlawful exportation of items listed on the United States Munitions List

("USML"), as specified in the Arms Export Control Act ("AECA"), 22 U.S.C. § 2778, and the International Traffic in Arms Regulations, 22 C.F.R. Parts 120 et. seq.

5.      As an Enforcement Officer with Customs and Border Protection, Department of Homeland Security, I am familiar with the federal laws relating to the unlawful export of licensable articles, technology, and commodities from the U.S. as specified and regulated by the U.S. Department of State, Directorate of Defense Trade Control ("DDTC"), the U.S. Department of Commerce, Bureau of Industry and Security ("BIS"), and the U.S. Department of the Treasury, Office of Foreign Assets Control ("OFAC"). I am also familiar with the interpretation and application of related laws and have previously assisted in the execution of numerous federal search and arrest warrants. As an Enforcement Officer with Customs and Border Protection, I have received considerable training related to identifying the techniques, methods, and procedures employed by groups, organizations, companies, corporations, and individuals who violate U.S. laws.

6.      In preparing this affidavit, I have conferred with other agents and law enforcement personnel who are experienced in the area of arms export investigations, and the opinions stated below are shared by them. This affidavit is made in support of an application for an arrest warrant for ABDULRAHMAN ZALAH for violations of 18 U.S.C. § 554 (Smuggling Goods from the United States).

7.      Because this affidavit is being submitted for the limited purpose of establishing probable cause to obtain an arrest warrant, it does not contain all of the information known to federal agents regarding this investigation. Instead, it contains only those facts believed to be necessary to establish probable cause. In addition, information contained in this affidavit is based upon reviews of official reports and records, upon conversations with other Federal Bureau

of Investigation Special Agents, and my personal observations and knowledge.  When the

contents of documents or statements of others are reported herein, they are reported in substance

and in part unless otherwise indicated.

8.     Based on the facts set forth in this affidavit, your Affiant affirms there is probable

cause to believe that ABDULRAHMAN ZALAH has committed violations of Title 18, United

States Code, Sections 554, Smuggling Goods from the United States:

   a.  Whoever fraudulently or knowingly exports or sends from the United States, or
       attempts to export or send from the United States, any merchandise, article, or
       object contrary to any law or regulation of the United States, or receives,
       conceals, buys, sells, or in any manner facilitates the transportation, concealment,
       or sale of such merchandise, article or object, prior to exportation, knowing the
       same to be intended for exportation contrary to any law or regulation of the
       United States, shall be fined under this title, imprisoned not more than 10 years,
       or both.

## BACKGROUND OF ABDULRAHMAN ZALAH

9.     The subject of this Affidavit is ABDULRAHMAN ZALAH (hereinafter

"ZALAH").  ZALAH is described as being five feet ten inches tall, weighing two hundred

twenty-five pounds, black hair, brown eyes, born October 17, 1992, and residing at 30 Severance

Circle, Apartment 523, Cleveland Heights, Ohio.

## BACKGROUND CONCERNING U.S. EXPORT CONTROL LAWS

10.    In accordance with the Export Control Reform Act ("ECRA"), 50 U.S.C. 4801-

4852 and the Export Administration Regulations ("EAR"), 15 C.F.R. 730-774, BIS regulates the

exportation of U.S. origin technologies and commodities, including firearms, from the U.S.  BIS

also regulates the re-exportation of U.S. technologies and commodities from one country abroad

to another country abroad, and in country transfers from one end use/user in a specific country to

another end use/user in that same country.  BIS additionally regulates deemed exports which are

the release of technology such as source code and technical specifications to foreign nationals

inside of the U.S. and deemed re-exports from one foreign national abroad to another foreign national abroad. BIS also regulates certain activities of U.S. persons subject to the EAR.

11. In accordance with 15 CFR § 30.2, an EEI (Electronic Export Information) must be filed via the AES (Authorized Export System) for shipments of any value that are subject to the International Traffic in Arms Regulations (ITAR) or that require a BIS license. Prior to March 9, 2020, pistols and rifles, and their component parts were subject to the International Traffic in Arms Regulations, see 22 C.F.R. § 121.1. On March 9, 2020, pistols and rifles and their component parts that are .50 caliber and below and non-automatic, became subject to Export Administration Regulations, see 15 C.F.R. §§ 730-774 and were transferred from the United States Munitions List ("USML") to the Commerce Control List (CCL), see Supplement Number 1 to 15 C.F.R. § 774. On March 9, 2020, and after, such items require an export license from BIS.

12. If an item appears on the CCL, the BIS issues a "License Determination" (LD) letter to determine if specific commodities, in fact, qualify as controlled commodities that require an export license. To make such a determination, an exporter provides item information and, after reviewing the product information and specifications provided by the party seeking an LD letter, the BIS issues a determination whether the product is on the CCL and requires an export license.

13. Your Affiant has received a pending LD from the BIS, number 2022-11-7-ICE-03853, and is informed that the barrel information submitted, as further described below, will be confirmed as requiring an export license from BIS once the LD request is no longer "Pending."

14. Thus, based on your Affiant's training and experience, and conversations with BIS, and the facts provided below, your Affiant avers that exporting firearms from the United States without the required export license pursuant to ITAR and the EAR constitutes a violation of 18 U.S.C. §554, and probable cause exists that ZALAH violated 18 USC §554.

## FACTS SUPPORTING PROBABLE CAUSE

15.     On or about October 24, 2022, "Confidential Manufacturer-1[1]" (hereinafter CM-1), contacted the Federal Bureau of Investigation and provided information that was provided to your Affiant concerning recent sales to an individual later identified as ZALAH.

16.     CM-1 provided information that a person residing at 30 Severance Circle, Apartment 523, Cleveland Heights, Ohio 44118, using the name ABDULRAHMAN ZALAH, and with an email address and telephone number identified with ZALAH ordered 4 rifle barrels over several months.

17.     CM-1 stated that based on typical customer ordering behavior, it was odd that a person not employed as a gunsmith would purchase more than one barrel. Based on this information, your Affiant and other members of law enforcement conducted a consensual interview of ZALAH at his residence on October 28, 2022.

18.     On October 28, 2022, ZALAH was interviewed at his place of residence and initially denied having any rifle barrels in his apartment. However, your Affiant observed several packages in plain view on the floor of ZALAH's living room.

19.     When asked about the five long rectangular packages, ZALAH showed the packages to your Affiant and investigators, and the packages did, in fact, contain rifle barrels. ZALAH further stated that he only sells rifle barrels on eBay and nowhere else.

20.     ZALAH voluntarily showed your Affiant his eBay profile, and your Affiant observed that ZALAH had purchased several rifle barrels on eBay, however there was no

---

[1] Confidential Manufacturer-1 is a representative of a company that makes firearm parts, including barrels for rifles that are used both for civilian purposes, such as shooting competitions and hunting, as well as barrels with military and law enforcement applications. The information provided proved to be accurate and your Affiant is not aware of any pending legal matters affecting the caller or the company identified as "Confidential Manufacturer-1." Confidential Manufacturer-1 is not receiving any benefit, renumeration or other consideration for this information and is considered reliable by your Affiant.

indication in his eBay activity that he ever sold rifle barrels to any person.  ZALAH then admitted he had not sold any rifle barrels, only made purchases of them on eBay.

21.     Your Affiant affirms that the rifle barrels observed on eBay are different than the four that were the subject of the tip from CM-1.  The barrels purchased from CM-1 were purchases from CM-1's company website.

22.     ZALAH then indicated that of the five packages in his apartment, one was purchased from eBay, the remaining four were purchased from Confidential Manufacturer-2 (hereinafter CM-2)[2] directly from their company website.

23.     Your Affiant asked ZALAH if he was being directed to make these purchases. ZALAH said he was not being directed to purchase rifle barrels.

24.     ZALAH then stated that he had sent several barrels overseas to individuals he was in contact with on social media platforms.  When asked for more specifics, ZALAH eventually identified only a single individual he sent rifle barrels to overseas.

25.     ZALAH stated that over the past five months he sent the individual approximately 12 to 15 rifle barrels using a single company for shipping.

26.     ZALAH stated that the individual would contact him and direct him to make purchases of rifle barrels from certain manufacturers or websites and then provide funds to ZALAH's bank account.  ZALAH often used the individual's email address when asked by a manufacturer to provide an email address for the order.

27.     ZALAH stated that when he would ship the barrels to the individual he would label the contents as "camera stand" to avoid detection or suspicion.  ZALAH stated that he was told to do so by the individual and he knowingly complied with the labeling directions.  ZALAH further stated that the individual told him to label the shipments with a description other than

---

[2] For the purposes of this affidavit, CM-2 has not provided any information to your Affiant, but your Affiant is aware that CM-2 is an actual business engaged in the production and sale of gun and rifle parts including rifle barrels.

"rifle barrels" because ZALAH was told by the individual that it was illegal to purchase rifle barrels overseas.

28.     ZALAH did not have any export license, LD letter, or other authority to export the 12-15 rifle barrels.  A check of BIS and Customs and Border Protection records confirms that at no time has ZALAH, or the individual with whom he was working, held any export license, LD letter, or other authority to export the 12-15 rifle barrels.

29.     ZALAH also indicated there may be one additional rifle barrel in his building's mail room awaiting shipment.  Your Affiant ultimately recovered six additional rifle barrels in five packages.  ZALAH admitted that those six barrels, and the five in his apartment would be sent to the individual overseas with fraudulent content labeling.

30.     As with the other 12-15 rifle barrels previously shipped overseas, ZALAH did not have any export license, LD letter, or other authority to export overseas the eleven rifle barrels awaiting shipment overseas recovered on October 28, 2022.  A check of BIS and Customs and Border Protection records confirms that at no time has ZALAH, or the individual with whom he was working, held any export license, LD letter, or other authority to export the additional eleven rifle barrels.

## **CONCLUSION**

31.     Based upon the above information, there is probable cause pursuant to Federal Criminal Rule 4 to believe that ZALAH received rifle barrels and intended to export the barrels overseas despite the fact that the barrels were on the CCL and required an export license.  Your Affiant further concludes that ZALAH knowingly sent from the United States, or attempted to export or send from the United States, those same rifle barrels overseas by

knowingly and intentionally concealing their true nature on the shipping labels contrary to US Customs regulations and laws.

Respectfully submitted,

Douglas Prenger
Enforcement Officer
Department of Homeland Security

This affidavit was sworn to by the affiant by telephone after a PDF was transmitted by email, in accordance with the requirements of Fed. R. Crim. P. 4.1, this ___24th___ day of November, 2022.  At  5:54 p.m.

HONORABLE JENNIFER DOWDELL ARMSTRONG
UNITED STATES MAGISTRATE JUDGE